**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLIFTON RAYE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-354** |
| **DARREL VANNOY, WARDEN** | **SECTION "E"(5)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by the Magistrate Judge recommending Petitioner Clifton Raye's petition for federal habeas corpus relief be dismissed with prejudice.[1] Petitioner filed objections to portions of the Magistrate Judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DISMISSES** Petitioner's petition for relief.

## BACKGROUND

### I.    Procedural Background

On September 26, 2013, a Jefferson Parish Grand Jury returned a true bill of indictment charging Petitioner with the following crimes: one count of aggravated rape, of a victim under the age of thirteen years, involving oral sexual intercourse, in violation of La. R.S. 14:42 (count one); one count of aggravated rape of a victim under the age of thirteen years, involving penile-vaginal and/or penile-anal sexual intercourse, in violation of La. R.S. 14:42 (count two); one count of sexual battery upon a juvenile under the age of thirteen years, in violation of La. R.S. 14:43.1 (count three);

---

[1] R. Doc. 21. Documents filed in the federal habeas action before this Court, case no. 21-354, are cited as "R. Doc. #" whereas documents from the state court record are cited as "State Rec., Vol. # of #."
[2] R. Doc. 22.

one count of sexual battery upon a juvenile under the age of fifteen years, in violation of La. R.S. 14:43.1 (count four); and one count of oral sexual battery upon a juvenile under the age of fifteen years, in violation of La. R.S. 14:43.3 (count five).[3]

Petitioner pled not guilty at his arraignment and waived his right to a jury trial, electing to proceed instead with a bench trial.[4] On March 1, 2016, at the conclusion of the bench trial, Petitioner was found guilty as charged on all five counts.[5] On March 16, 2016, the trial court sentenced Petitioner as follows: for both counts one and two, life imprisonment at hard labor; twenty-five years imprisonment at hard labor on count three; and as to each of counts four and five, ten years imprisonment at hard labor.[6] The trial court further ordered that all sentences were to run concurrently, without the benefit of probation, parole, or suspension of sentence.[7]

On December 9, 2016, Petitioner filed a Uniform Application for Post-Conviction Relief in the Louisiana Fifth Circuit Court of Appeal, seeking an out of time appeal, which was granted on December 20, 2016.[8] On direct appeal, Petitioner argued the evidence was insufficient to sustain his conviction because it was based only on the testimony of the victim ("C.R."), because C.R. did not provide testimony as to the specific dates on which the alleged sexual abuses took place, and because there was no corroborating evidence presented at trial to support C.R.'s testimony.[9] In rejecting Petitioner's contentions, the Louisiana Fifth Circuit explained that that it

---

[3] *State v. Raye*, 17-136 (La. App. 5 Cir. 10/25/17), 230 So. 3d 659, 662, *writ denied,* 2017-1966 (La. 6/15/18), 257 So. 3d 674.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 664, 666.

has previously recognized that "in sexual abuse cases that continue over time, exact dates often cannot be supplied," and that "convictions of aggravated rape and other sexual abuse offenses have been upheld by this Court in the absence of medical evidence or other corroborating evidence."[10] The Louisiana Fifth Circuit, applying the *Jackson v. Virginia* standard for review of a criminal conviction record for sufficiency of the evidence, found that

> C.R.'s testimony, coupled with her statements made in the CAC interview, established each element of the five offenses for which defendant was convicted. Moreover, although defendant testified that he never sexually abused C.R. and suggested that C.R. was lying, having been coerced into making the accusations against him by his step-daughters who were angry with him, the trial judge clearly chose to believe the testimony of C.R. over defendant's testimony. It is not this Court's function to second-guess the credibility determinations of the trier-of-fact.[11]

The Louisiana Fifth Circuit thus affirmed Petitioner's conviction and sentence.[12]

Petitioner thereafter filed a writ application with the Louisiana Supreme Court, and on June 15, 2018, the Louisiana Supreme Court summarily denied writs.[13]

On August 15, 2019, Petitioner filed an application for post-conviction relief in the state district court.[14] The State filed a response in opposition,[15] and Petitioner filed a traverse.[16] The state trial court denied Petitioner's application for post-conviction relief. Petitioner alleged nine grounds for relief, to wit:

1. Ineffective assistance of counsel prior to and during trial.
2. Ineffective assistance of trial counsel for failing to object to sufficiency of evidence.

---

[10] *Id.* at 666–67.
[11] *Id.* at 667.
[12] *Id.* at 662.
[13] *State v. Raye*, 2017-1966 (La. 6/15/18), 257 So. 3d 674.
[14] State Rec. Vol. 9–10 of 10, pp. 1647–2037
[15] State Rec. Vol. 2 of 10, pp. 380–411.
[16] State Rec. Vol. 2–3 of 10, pp. 426–483.

3. Ineffective assistance of trial counsel for failing to object to prosecutorial misconduct.
4. Ineffective assistance of trial counsel for failing to secure expert testimony.
5. Ineffective assistance of trial counsel for failing to object to perjury testimony at trial.
6. Ineffective assistance of trial counsel for failing to file a Motion to Quash, Motion for Mistrial, Motion for Post-Verdict Judgment of Acquittal, and Motion for New Trial.
7. Ineffective assistance of trial counsel for failing to object to witness sequestration order.
8. Ineffective assistance of trial counsel for failing to object to defective indictment.
9. Cumulative effect of trial counsel orders.

On February 12, 2020, the state trial court issued its order denying Petitioner's application for post-conviction relief.[17]

On March 3, 2020, Petitioner filed with the state trial court a Notice of Intent to seek writs to challenge the state trial court's February 12, 2020 order denying Petitioner's application for post-conviction relief.[18] The state trial court set a return date of April 27, 2020.[19] On March 10, 2020, Petitioner filed a writ application with the Louisiana Fifth Circuit, challenging the state trial court's denial of his application for post-conviction relief.[20] On April 23, 2020, the Louisiana Fifth Circuit, after considering the merits and determining Petitioner was not entitled to the relief sought, denied the writ.[21] Petitioner then filed an application for supervisory writ with the Louisiana Supreme Court, which was denied on January 20, 2021 on the basis that Petitioner "fail[ed] to show that he received ineffective assistance of counsel under the

---

[17] *See* R. Doc. 5-1 at pp. 16–19.
[18] State Rec. Vol. 3 of 10, pp. 545-547, 605.
[19] R. Doc. 5-1 at p. 4.
[20] State Rec. Vol. 6–7 of 10, pp. 1210-1550.
[21] *Raye v. Cain*, 20-114 (La.App. 5 Cir. 4/23/20) (unpublished writ disposition). *See* R. Doc. 5-1 at pp. 5–11.

standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, L.Ed.2d 674 (1984)."[22]

On February 17, 2021,[23] Petitioner filed, in this Court, a petition for writ of habeas corpus under 28 U.S.C. § 2254.[24] On May 21, 2021, the District Attorney for Jefferson Parish, Louisiana ("the State") filed a response to the petition for writ of habeas corpus.[25] Petitioner filed a traverse.[26]

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254, asserting the following claims (1) he was denied effective assistance of counsel before and during trial; (2) trial counsel was ineffective for failing to object to evidence that was insufficient to sustain the convictions; (3) trial counsel was ineffective for failing to object to prosecutorial misconduct; (4) trial counsel was ineffective for failing to object to perjured testimony at trial; and (5) trial counsel was ineffective for failing to object to a defective indictment.[27] The State filed a response in opposition to the petition, arguing each of Petitioner's claims are meritless.[28] Plaintiff filed a traverse to the State's response.[29]

Upon review of the record, the Magistrate Judge determined this matter could be disposed of without an evidentiary hearing.[30] On September 30, 2021, the

---

[22] *Raye v. Cain*, 2020-00665 (La. 1/20/21), 308 So.3d 1148. *See* R. Doc. 5-1 at pp. 12–13.
[23] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner signed his petition and certified that he placed it in the prison mailing system on February 17, 2021. R. Doc. 5 at 10.
[24] R. Doc. 5.
[25] R. Doc. 14.
[26] R. Doc. 20.
[27] R. Doc. 5.
[28] R. Doc. 14.
[29] R. Doc. 20.
[30] R. Doc. 21.

Magistrate Judge issued a Report and Recommendation finding each of Petitioner's claims to be without merit and recommending the petition be dismissed with prejudice.[31] On October 13, 2021, Petitioner's Objections to the Report and Recommendation were filed into the record.[32]

## II.  Factual Background

The following facts are derived from the opinion of the Louisiana Fifth Circuit Court of Appeal's opinion denying Petitioner's direct appeal of his conviction on insufficient evidence grounds:

> At trial, the victim, C.R., testified that when she was eleven or twelve years old, the defendant, her biological father, forced her to begin a sexual relationship with him. More than once a week, when her mother was at work, defendant would bring C.R. into his bedroom, lock the door, and make her perform oral sex on him. C.R. described several incidents at her home where defendant penetrated her vagina with his penis, massaged her breasts, performed oral sex on her, and digitally penetrated her anus. C.R. also testified that, on one occasion, defendant attempted to restrain her with a belt while he attempted to have anal sex with her, but she broke free.
>
> C.R. stated that she did not report the abuse because she was scared and did not want to get her father into trouble. C.R. testified that she denied that any abuse had taken place when she was first asked about it by her step-sisters, but later disclosed what had happened to her after her stepsister, S.D., told her about a similar personal experience she had previously with defendant.
>
> S.W., C.R.'s step-sister, testified that, in late March or early April of 2013, she lived with C.R., defendant, and her mother in Jefferson Parish. She recalled that, during that time, one afternoon she arrived home and saw C.R.'s school bag, but could not find C.R. S.W. knocked on defendant's bedroom door, which was locked. S.W. knocked on the door to hand defendant a telephone. A short time later, defendant and C.R. both exited the bedroom. S.W. testified that, in another incident, she woke up in the early morning hours to use the restroom and saw defendant in C.R.'s bed. Because she suspected that something inappropriate may have been

---

[31] *Id.*
[32] R. Doc. 22.

happening between defendant and C.R., S.W. called her sister S.D. to discuss her concerns. S.W. and S.D. decided to discuss the suspicions at their grandparents' home in Lafayette during the upcoming Easter holiday.

Several days later, while in Lafayette, C.R. was asked by S.W. and S.D. about the suspected sexual abuse by defendant. C.R. initially denied any abuse, but eventually disclosed to S.W. and S.D. that defendant had performed oral sex on her and that she had performed oral sex on defendant. This information was relayed to C.R.'s mother, E.R., who confronted defendant with the allegations. Defendant denied having any sexual contact with C.R.

Tracey Jackson, an investigator for the Department of Children and Family Services (DCFS), testified that she was notified of C.R.'s complaint against defendant on April 9, 2013, and she interviewed C.R. on April 10, 2013. During the interview, C.R. told Ms. Jackson that defendant had sexually abused her numerous times over the preceding two-year period, specifically that defendant had "fondle[d] her," "touch[ed] her chest," "touched her vaginal area" penetrating her with his fingers as well as his penis, penetrated her anus with his fingers, performed oral sex on her, and that she performed oral sex on defendant. Ms. Jackson relayed this information to the Jefferson Parish Sheriff's Office (JPSO) following the interview with C.R.

Detective Ronald Raye, of the JPSO Personal Violence Unit, testified that he went to C.R.'s home and brought her to Children's Hospital for a physical examination. Detective Raye prepared defendant's arrest warrant after speaking to Ms. Jackson, watching C.R.'s interview at the Children's Advocacy Center and reviewing C.R.'s hospital records.

Ann Troy testified that she is a forensic nurse practitioner who works with child victims of sexual abuse at the Audrey Hepburn Care Center in New Orleans. Ms. Troy recounted that she interviewed C.R. on April 27, 2013, and C.R. recounted a "detailed history of sexual abuse" by defendant over a two-year period that included oral sex, vaginal and anal penetration with his penis, and forcing C.R. to masturbate him. Ms. Troy found C.R.'s statements to be consistent with the way in which children disclose sexual abuse. She further noted that the physical findings from her examination of C.R. were normal. However, Ms. Troy testified that it is not uncommon for a child with a history of vaginal penetration to present with normal physical findings. Ms. Troy further explained that delayed reporting is very common amongst children who have been sexually abused as they tend to blame themselves for what has happened to them.

The trial judge was shown the video of an interview between former forensic interviewer, Erika Dupepe, and C.R., which took place in April of 2013 at the Children's Advocacy Center in Jefferson Parish. During that interview, C.R. described defendant's sexual abuse of her in detail. C.R. stated that, at age 11, defendant would go to her bedroom while she was sleeping and touch her chest and buttocks. Defendant also touched her "privates" and made her touch his "privates" while her mother was at work or asleep. Beginning at age 12, defendant vaginally penetrated C.R. with his penis twice, and digitally penetrated her anus three times. C.R. described one incident when defendant forced her to perform oral sex on him. She was 12 at the time and in seventh grade. Defendant forced C.R. to perform oral sex on him on more than one occasion. The last incident of sexual abuse took place in March of 2013, when defendant forced C.R. to masturbate him and perform oral sex on him. During that particular time, C.R.'s sister knocked on the defendant's bedroom door to give him the phone, and defendant told C.R. to hide in his bathroom.

Defendant testified at trial and denied that any sexual contact had taken place between himself and C.R. He further testified that he believed the accusations against him were made out of anger by C.R. and S.W.[33]

## STANDARD OF REVIEW

In reviewing the Magistrate Judge's Report and Recommendation, the Court must conduct a de novo review of any of the magistrate judge's conclusions to which a party has specifically objected.[34] As to the portions of the report that are not objected to, the Court needs only review those portions to determine whether they are clearly erroneous or contrary to law.[35]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an

---

[33] *State v. Raye*, 17-136 (La. App. 5 Cir. 10/25/17), 230 So. 3d 659, 662–64, *writ denied*, 2017-1966 (La. 6/15/18), 257 So. 3d 674.
[34] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[35] *Id.*

unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[36] A federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[37] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[38]

The AEDPA requires that a federal court "accord the state trial court substantial deference."[39] However, the AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts.[40] For unexhausted claims that were not considered on the merits in the state courts, the pre-AEDPA standard of review applies.[41]

## **LAW AND ANALYSIS**[42]

**I.   Petitioner is not entitled to relief on his claims that the evidence presented at trial was "misrepresented" by the Louisiana Fifth Circuit Court of Appeals.**

Petitioner's first objection is based the Louisiana Fifth Circuit's alleged

---

[36] 28 U.S.C. § 2254(d)(2).

[37] *Id.* § 2254(d)(1).

[38] *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

[39] *Brumfield v. Cain*, 135 S. Ct. 2269 (2015).

[40] 28 U.S.C. § 2254(d); *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).

[41] *Id.* at 598 (citing *Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); *see also Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).

[42] The Court notes the Government concedes Petitioner's application was timely filed within the one-year period established by the AEDPA. R. Doc. 17 at 4.

misrepresentation of the testimony at trial in the factual summary of its opinion

denying Petitioner's direct appeal based on sufficiency of the evidence,[43] and the

Magistrate Judge's adoption of the allegedly misrepresentative summary.[44] Petitioner

argues the misrepresentations in the Louisiana Fifth Circuit's summary, adopted by

the Magistrate Judge, violated his constitutional right to due process of law as the

misrepresentations deny Petitioner meaningful review of the facts in the trial court

record.[45] Petitioner argues the following statements of fact by the Louisiana Fifth

Circuit are misrepresentations of the trial court record:

> That C.R. testified at trial that "[w]hen she was eleven or twelve, the defendant . . . penetrated her vagina with his penis, massage[d] her breast, . . . digitally penetrated her anus, and attempted to restrain her with a belt, while he attempted anal sex with CR."[46]

> That C.R.'s sister, S.D., testified at trial "to '[b]eing sexually abused."[47]

> That "the alleged victim (C.R.) disclosed to her sisters, S.D. and S.W., that Petitioner performed oral sex on her and she on defendant."[48]

> That Detective Ronald Ray testified "he went to C.R.'s home and brought her to the hospital for an examination, when, in fact, the detective did not become physically involved in the case until May 29, 2013, during the time of C.R.'s interview at the New Orleans Child Advocacy Center, where he only observed, through closed caption television, the interview of C.R. with the expert examiner."[49]

Under 28 U.S.C. §2254(e)(1), the state court's findings of fact are entitled to a

presumption of correctness, and the petitioner bears the burden of rebutting the

---

[43] *State v. Raye*, 17-136 (La. App. 5 Cir. 10/25/17), 230 So. 3d 659, 662–64, *writ denied*, 2017-1966 (La. 6/15/18), 257 So. 3d 674.
[44] R. Doc. 22 at pp. 2–3.
[45] *Id.* at p. 4.
[46] *Id.* at p. 2.
[47] *Id.* at p. 3.
[48] *Id.*
[49] *Id.* at p. 4.

presumption of correctness by clear and convincing evidence. Under AEDPA, federal courts may not grant habeas relief unless the relevant state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[50] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."[51] AEDPA also requires federal courts to presume the correctness of the state courts' factual findings unless the federal habeas petitioner rebuts this presumption of correctness with "clear and convincing evidence."[52]

Petitioner's objection that portions of the testimony presented at trial were misrepresented by the Louisiana Fifth Circuit on direct appeal was raised for the first time in his objection to the Magistrate Judge's Report and Recommendation.[53] "New claims and issues may not, however, be raised for the first time in objections to a Report and Recommendation."[54] Petitioner may not present this new claims for the

---

[50] 28 U.S.C. § 2254(d)(2).

[51] *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

[52] *Id.* at 473–74 (quoting 28 U.S.C. § 2254(e)(1)).

[53] *See* R. Doc. 22 at pp. 2–4.

[54] *Siverston v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Back Certificates WAMU Series No. 2007-HE2 Tr.*, 390 F. Supp. 3d 769, 779 (E.D. Tex. 2019). *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (issues not raised in the petition, which were first raised in petitioner's objection to magistrate's report and recommendations, were not properly before the district court); *see also Stangel v. Sparkman*, No. CIV.A. 6:07CV317, 2007 WL 2725382, at *1 (E.D. Tex. Sept. 18, 2007) ("It is noted that the Plaintiff is trying to raise new claims in his objections, but issues raised for the first time in objections to a Report and Recommendation are not properly before the Court.") (citing *Cupit v. Whitley*, 28 F.3d 532, 535 n. 5 (5th Cir. 1994) and *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *Anna Ready Mix, Inc. v. N.E. Pierson Construction Co.*, 747 F.Supp. 1299, 1302–1303 (S.D.Ill.1990) (thoroughly analyzing the federal Magistrate Judge Act, 28 U.S.C. § 631, et seq., and discerning therefrom that when a matter is assigned to a Magistrate Judge, Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for de novo review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge— "absent compelling reasons").

first time in his objection to the magistrate's Report and Recommendation. In addition, the trial court record directly contradicts Petitioner's claim that the Louisiana Fifth Circuit misrepresented the trial testimony.[55] Petitioner's claim is unsupported and meritless. Accordingly, Petitioner's claim that the alleged misrepresentations in the Louisiana Fifth Circuit's factual summary, adopted by the Magistrate Judge, violated his constitutional right to due process of law is not properly before this Court. The Court will not consider this objection presenting a new claim. Even if the Court did consider the claim, however, the claim would be denied.

## II. Petitioner is not entitled to relief on his second objection, titled "Review of the Merits."

In his second objection, Petitioner asserts the Magistrate Judge "has erroneously adopted the State Court's determination that Petitioner's claims were rejected on the merits in State Courts."[56] Petitioner does not explain in what way the Magistrate Judge acted erroneously by concluding Petitioner's claims were rejected on the merits by the state courts. Petitioner's challenge to the insufficiency of the evidence was denied by the Louisiana Fifth Circuit on direct appeal, and the Louisiana Supreme Court denied writs. Additionally, the state trial court denied Petitioner's application for postconviction relief, and writs were denied by the Louisiana Fifth Circuit and by the Louisiana Supreme Court. Therefore, Petitioner's claims were, indeed, rejected on the merits by each state court that considered his claims. The

---

[55] For example, contrary to Petitioner's assertion, C.R. did testify at trial that she believed the sexual abuse began when she had just turned twelve. *See* State Rec. Vol. 5 of 10, p. 1116. C. R. also testified at trial the first people she told about the sexual abuse were her sisters, S.W. and S.D. *See id.* at p. 1118–1119. Finally, on redirect examination, S.D. was asked whether "anything like this had happened before with Clifton Raye," and S.D. responded: "Yes. . . . To me." *See id.* at p. 1037.
[56] R. Doc. 22 at p. 5.

Magistrate Judge did not err in this regard.

Petitioner also argues the Magistrate Judge erred in not considering the "Newly Discovered Medical Evidence." In his traverse, Petitioner states that on February 18, 2022 he obtained C.R.'s medical records, attached to Petitioner's traverse as exhibits B and C, and that these medical records were withheld from the defense and recently discovered by Petitioner.[57] Petitioner contends "the undisclosed medical records proves (sic) that the prosecution knew of S.D. (sic) allegations against Petitioner . . . and that it (sic) was used effectively to coerce C.R. into disclosure."[58] Petitioner further contends that the state's failure to disclose these medical records denied him of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.[59] Petitioner's contentions in this regard are without merit for several reasons. First, these medical records were not withheld. They were turned over to defense counsel during discovery and were introduced at trial as State exhibit S-1.[60] Second, at trial, Ann Troy, a forensic nurse practitioner who works with child victims of sexual abuse at the Audrey Hepburn Care Center in New Orleans, testified that she interviewed C.R. on April 27, 2013. Ann Troy testified that, during the interview, C.R. recounted a "detailed history of sexual abuse" over a two-year period by Petitioner. Ann Troy also testified that the physical findings from her examination of C.R.—as demonstrated in the medical records—were normal, but that it is not uncommon for a child with a history of vaginal penetration to present with normal physical findings.

---

[57] R. Doc. 20 at pp. 2–3.
[58] *Id.* at p. 3.
[59] *Id.*
[60] *See* State Rec. Vol. 5 of 10, p. 1079.

The medical records are, at best, indeterminate and inconsequential. This is particularly true in light of the state trial judge's finding at the conclusion of Petitioner's trial, when the trial judge stated in part that he

> finds the testimony of the victim in this matter to be extremely credible. Her testimony has been consistent from the first report to the CAC tape and throughout her testimony here in Court. The Court also finds the defendant's testimony to be incredible. As such, the Court finds the defendant guilty of counts one, two, three, four and five.[61]

Contrary to Petitioner's assertions, the medical records do not rebut or even marginally undermine any factual finding made by the state court. Petitioner is incorrect in stating that the Magistrate Judge erred because he "failed to consider" this evidence. In reality, this evidence does not have any material impact on Petitioner's request for federal habeas review and does not merit thorough consideration. The Magistrate Judge was correct not to give considerable attention to these records.

Finally, Petitioner argues the Magistrate Judge erred by failing to consider the correspondence between himself and the Louisiana Attorney Disciplinary Board. The Magistrate Judge did consider this attachment and concluded Petitioner's interpretation of the correspondence was incorrect. Petitioner argued the correspondence shows that his trial counsel, Wayne Welker, was not authorized to practice law in the State of Louisiana when he represented Petitioner during the pendency of Petitioner's case at the state trial court level. However, the correspondence clearly shows Wayne Welker was authorized to practice law during

---

[61] *Id.* at p. 1149.

the period in which he represented Petitioner, and the Magistrate Judge thoroughly explained this in his Report and Recommendations. The Magistrate Judge did not fail to consider this evidence.

## III. Petitioner is Not Entitled to Relief on his Ineffective Assistance of Counsel Claims

In *Strickland v. Washington*, the Supreme Court established a two-pronged test for evaluating claims of ineffective assistance of counsel. Specifically, a petitioner seeking relief must demonstrate *both*: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.[62] A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."[63] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."[64]

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.[65] "Counsel's performance is deficient if it falls below an objective standard of reasonableness."[66] Analysis of counsel's performance must consider the reasonableness of counsel's actions in light of all the circumstances.[67] "[I]t is necessary to 'judge . . . counsel's challenged conduct on the

---

[62] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[63] *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).
[64] *Strickland*, 466 U.S. at 689.
[65] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).
[66] *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).
[67] *See Strickland*, 466 U.S. at 689.

facts of the particular case, viewed as of the time of counsel's conduct.'"[68] A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.[69]

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[70] In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."[71] In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[72] If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry—deficient performance or actual prejudice—it may dispose of the ineffective assistance claim without addressing the other prong.[73]

For purposes of federal habeas review, the issue of ineffective assistance of counsel presents a mixed question of law and fact.[74] As such, the question is whether the state court's denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent, namely *Strickland*.[75] "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in

---

[68] *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).
[69] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).
[70] *Strickland*, 466 U.S. at 694.
[71] *Id.*
[72] *Crockett*, 796 F.2d at 793.
[73] *Strickland*, 466 U.S. at 697.
[74] *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994).
[75] *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000).

tandem, review is doubly [deferential]."[76] The Supreme Court has stressed, in no uncertain terms, that "a federal court may grant relief only if every "'fairminded juris[t]'" would agree that every reasonable lawyer would have made a different decision.[77]

Petitioner's federal habeas petition raises several claims of ineffective assistance of counsel. Each of the Petitioner's claims was rejected on the merits by the state courts on postconviction review. Additionally, the Magistrate Judge recommended that each of Petitioner's claims for federal habeas relief be denied. The Court considers each of the several claims in turn.

1. *Claim 1:*

Claim one alleges generally that Petitioner's defense counsel rendered ineffective assistance prior to and during trial. Petitioner argues that he was denied counsel entirely because lead counsel of record, Wayne E. Walker, "impermissibly proceeded to represent petitioner in pre-trial and trial proceedings without first being registered and authorized to practice law in the State of Louisiana."[78] He lists ten additional subclaims, with no supporting argument, as part of claim one, wherein he alleges his trial defense counsel failed to:

> 1) Investigate and obtain all evidence in possession of the State; 2) Adequately confront and cross-examine state witnesses Mrs. S.D., S.W. and C.R.; 3) Failure to put forth a defense; 4) Cross-examine witness for impeachment purposes; 5) to make timely objections to hearsay; 6) Fail to investigate and present mitigating evidence; 7) to object to trial courts finding of guilt without first excluding every reasonable hypothesis of innocence; 8) to object to evidence insufficient to sustain conviction; 9) to put the States case to any meaningful adversarial testing; 10) to recall

---

[76] *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted).
[77] *Dunn v. Reeves*, 141 S. Ct. 2405 (2021) (citing *Richter*, 562 U.S. at 101).
[78] R. Doc. 5-3 at p. 12.

S.D. for re-cross examination to impeach her to her prior trial testimony.

Petitioner contends that, had counsel performed the above listed functions of a reasonable trial strategy he would have met the reasonable doubt required to change the outcome of the trial.[79]

In considering Petitioner's application for postconviction relief, the state trial court concluded that the petitioner was incorrect in his assertion regarding Mr. Walker's eligibility to practice law in the state of Louisiana, and that Petitioner's ten subclaims to Claim One were speculative, conclusory, and failed to prove any deficiency in counsel's performance or any resulting prejudice.[80] Thereafter, in denying writs, the Louisiana Fifth Circuit Court of Appeal concluded that the "record provides documentation from the Louisiana State Bar Association evidencing that counsel was eligible to practice law at the time of defendant's trial and sentencing," and that Petitioner's ten subclaims lacked merit because Petitioner "failed to show with any particularity how counsel's performance before and during the trial proceedings was deficient or that any prejudice resulted."[81]

In his Report and Recommendation, the Magistrate Judge concluded the state courts correctly found the record in this case did not support the factual contention underlying Petitioner's claim that he was denied effective assistance of counsel because Mr. Walker was ineligible to practice law in the State of Louisiana during the pendency of Petitioner's case.[82] The Magistrate Judge pointed out that a letter from the Louisiana State Bar Association showed Mr. Walker was ineligible for nonpayment

---

[79] *Id.* at pp. 12-13.
[80] R. Doc. 5-1 at p. 17.
[81] R. Doc. 5-1 at p. 8.
[82] R. Doc. 21 at p. 11.

of dues from September 9, 2013 to September 25, 2013, and that Mr. Walker became ineligible again in September 2016 for nonpayment of dues, fees and noncompliance with the Trust Account Disclosure Form.[83] The Magistrate Judge further concluded Petitioner had not shown Mr. Walker was ineligible when he represented Petitioner during pretrial proceedings, during trial, and during Petitioner's sentencing.[84]

In his objection, Petitioner contends the Magistrate Judge failed to consider the attachment from the Louisiana State Bar Association.[85] Petitioner contends the record confirms Mr. Walker was ineligible to practice law during the period when he represented Petitioner.[86]

The Court finds Petitioner's objection to be without merit. Attached to Petitioner's traverse is correspondence from the Louisiana State Bar Association showing thestatusof Edwin Wayne Walker's membership.[87] This correspondence shows that Edwin Wayne Walker was ineligible from September 9, 2013 to September 25, 2013 for nonpayment of bar dues.[88] The correspondence further shows that Edwin Wayne Walker became ineligible again on September 9, 2016 for nonpayment of bar dues and for  noncompliance with trust account disclosure requirements.[89] According to the record in this case, Petitioner was indicted on September 26, 2013 and was sentenced in March of 2016.[90] Throughout this entire period, Edwin Wayne Walker was eligible to practice law in the State of Louisiana. Additionally, Edwin Wayne

---

[83] *Id.* at 11-12.
[84] *Id.* at 12.
[85] R. Doc. 22 at p. 8.
[86] *Id.*
[87] R. Doc. 20-1 at pp. 57–58.
[88] R. Doc. 20-1 at p. 58.
[89] *Id.*
[90] *State v. Raye*, 17-136 (La.App. 5 Cir. 10/25/17); 230 So. 3d 659, 661.

Walker was not ineligible in June of 2013 when he filed several preliminary motions on Petitioner's behalf prior to Petitioner's indictment. Thus, the Magistrate Judge correctly concluded that the factual record in this case does not support the factual contention underlying Petitioner's claim.

The Court further finds that, even if Petitioner's factual contention was supported by the record, Edwin Wayne Walker's ineligibility would not amount to ineffective assistance of counsel. In *McKinsey v. Cain*, the petitioner contended he was denied the right to effective assistance of counsel because his attorney was ineligible to practice law at the time of the petitioner's trial.[91] The court rejected the petitioner's contention, explaining that defense counsel's ineligibility was "not a per se violation of the Sixth Amendment, as it resulted from a failure to meet the technical requirements of bar membership."[92] Furthermore, while Mr. Walker served as lead counsel, Petitioner was at all times also represented by Mr. William Doyle, who served as co-counsel. Therefore, Petitioner was represented by eligible counsel during pretrial proceedings, during trial, and during sentencing. Accordingly, the state courts' denial of Petitioner's request for relief on the grounds that his counsel was ineligible to practice law was a reasonable application of *Strickland*. As a result, the Court concludes Petitioner is not entitled to federal habeas relief on this claim.

Turning now to Petitioner's ten subclaims to claim one, Petitioner did not object to the Magistrate Judge's resolution of his ten subclaims. Therefore, the Court need only review the resolution of these ten subclaims for clear error. As mentioned

---

[91] No. CIV.A. 09-7729, 2011 WL 2945812, at *2 (E.D. La. July 15, 2011).
[92] *Id.*

above, the state habeas courts rejected Petitioner's ten subclaims as speculative and conclusory because Petitioner failed to set out the claims with specificity or to support them with evidence or argument. Citing to Fifth Circuit precedent, the Magistrate Judge noted that "a habeas petitioner cannot establish a *Strickland* claim based on speculative and factually unsupported assertions."[93] The Magistrate Judge went on to conclude that the state courts properly dismissed Petitioner's subclaims as unsupported. This Court finds no clear error in the Magistrate Judge's conclusion.

2. *Claim 2:*

Claim two alleges counsel was ineffective for allowing the introduction of evidence insufficient to sustain the conviction. Petitioner argues counsel should have objected on various grounds to the improper evidence presented by the State and filed appropriate motions for mistrial, new trial, and post-verdict judgment of acquittal.[94] Petitioner further argues his "trial defense counsel was ineffective for failing to object to evidence insufficient to convict" him because he was allegedly "tried and convicted upon hearsay evidence."[95]

The state trial court denied Petitioner's claim that his counsel rendered ineffective assistance by failing to object to evidence insufficient to sustain a conviction.[96] As part of claim two, Petitioner's application for postconviction relief filed in state court contested "hearsay testimony" given by the state's witnesses, and contested "other crimes" evidence which was introduced at trial.[97] The state trial court

---

[93] R. Doc. 21 at p. 13 (citing *Ochoa v. Davis*, 750 F. App'x 365, 371 (5th Cir. 2018)).
[94] R. Doc. 5-3 at p. 26.
[95] *Id.* at p. 19.
[96] R. Doc. 5-1 at p. 17.
[97] *Id.*

concluded Petitioner failed to state with any particularity why or how this "other crimes" evidence and alleged hearsay testimony rendered the evidence against him insufficient.[98] The court concluded Petitioner failed to show with any particularity how counsel was deficient in this regard, or that any prejudice resulted from counsel's allegedly deficient performance.[99]

The Louisiana Fifth Circuit, on Petitioner's writ application from the state trial court's denial of his application for postconviction relief, after reviewing claim two of Petitioner's application for postconviction relief, stated that claim two "is merely a re-assertion of his prior claim of insufficiency of the evidence, which claim was previously considered by this Court on direct review under the *Jackson* [*v. Virginia*] standard of review."[100] On direct review, the Louisiana Fifth Circuit considered Petitioner's argument that the evidence used to convict him was insufficient because of C.R.'s lack of specificity with regard to the dates of the alleged instances of sexual abuse, and the fact that there was no corroborating evidence, either physical or otherwise. The Louisiana Fifth Circuit denied Petitioner's contention that the evidence was insufficient to convict him, and explained as follows:

> This Court has recognized that in sexual abuse cases that continue over time, exact dates often cannot be supplied. *State v. Mazique*, 09-845, p. 12 (La. App. 5 Cir. 4/27/10), 40 So.3d 224, 234 n.10, writ denied, 10-1198 (La. 12/17/10), 51 So.3d 19 (citing *State v. Bolden*, 03-0266 (La. App. 5 Cir. 7/29/03), 852 So.2d 1050). Additionally, the credibility of a witness, including the victim, is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. *State v. Gonzalez*, 15-26 (La. App. 5 Cir. 8/25/15), 173 So.3d 1227, 1233, writ denied, 15–1771 (La. 9/23/16), 2016 La. LEXIS 1955. In sex offense cases, the testimony of the victim alone can be sufficient to

---

[98] *Id.*
[99] *Id.*
[100] R. Doc. 5-1 at p. 8.

establish the elements of a sexual offense, even when the State does not introduce medical, scientific or physical evidence to prove the commission of the offense. *State v. Hernandez*, 14-863 (La. App. 5 Cir. 9/23/15), 177 So.3d 342, 351, writ denied, 15-2111 (La. 12/5/16), 210 So.3d 810. It is the role of the fact-finder to weigh the respective credibility of the witnesses; thus, the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *State v. Alfaro*, 13-39 (La. App. 5 Cir 10/30/13), 128 So.3d 515, 525, writ denied, 13-2793 (La. 5/16/14), 139 So.3d 1024.

Defendant does not argue there are any internal contradictions in C.R.'s testimony, but rather argues that she should not be believed without any supporting evidence. However, convictions of aggravated rape and other sexual abuse offenses have been upheld by this Court in the absence of medical evidence or other corroborating evidence. *See State v. Hernandez*, 177 So.3d at 352; *State v. Roca*, 03-1076 (La. App. 5 Cir. 1/13/04), 866 So.2d 867, writ denied, 04-583 (La. 7/2/04), 877 So.2d 143; *Gonzalez, supra*.

We find C.R.'s testimony, coupled with her statements made in the CAC interview, established each element of the five offenses for which defendant was convicted. Moreover, although defendant testified that he never sexually abused C.R. and suggested that C.R. was lying, having been coerced into making the accusations against him by his step-daughters who were angry with him, the trial judge clearly chose to believe the testimony of C.R. over defendant's testimony. It is not this Court's function to second-guess the credibility determinations of the trier-of-fact.[101]

In addition, on Petitioner's writ application from the state trial court's denial of his application for postconviction relief, the Louisiana Fifth Circuit held the trial testimony of C.R.'s sisters, to whom C.R. made the initial disclosure of sexual abuse, was not hearsay, and the victim's sisters were subject to cross examination by defense counsel during trial.[102] The Louisiana Fifth Circuit concluded Petitioner's claim that his counsel was ineffective for failing to object to the sufficiency of the evidence was

---

[101] *State v. Raye*, 17-136 (La. App. 5 Cir. 10/25/17), 230 So. 3d 659, 666–67, *writ denied*, 17-1966 (La. 6/15/18), 257 So. 3d 674.
[102] R. Doc. 5-1 at p. 9.

without merit.[103]

In the Report and Recommendation, the Magistrate Judge noted that the Louisiana Fifth Circuit soundly rejected Petitioner's sufficiency of the evidence argument, and that the trial testimony of C.R.'s sisters was not hearsay.[104] Therefore, the Magistrate Judge concluded any objection based on insufficiency of the evidence would have been unwarranted, and that no ineffectiveness was established under *Strickland*.[105] The Magistrate Judge further concluded that

> The trial judge's ruling and the ruling on direct appeal were both based on the direct and extremely credible testimony of the victim, C.R. The resolution of whether other testimony offered by witnesses constituted hearsay in no way alters or negates C.R.'s credibility as a witness as determined by the trier-of-fact. As the state court held, in reviewing the claim under *Jackson v. Virginia*, 433 U.S. 307 (1979), a court may not second-guess the credibility determinations made by the trier-of-fact. Thus, Raye's counsel had no legal grounds to base a motion for mistrial, new trial or a motion for post-verdict judgment of acquittal on the credibility determinations made by the trier-of-fact, who in this case, was the trial judge. Counsel does not perform deficiency for failing to lodge a meritless objection. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (counsel is not required to make futile motions or objections); *see also Smith v. Puckett*, 907 F.2d 981, 585 n.6 (5th Cir. 1990) ("[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").[106]

Petitioner objects to the Magistrate Judge's conclusion with respect to claim two. However, Petitioner's arguments in support of his objection are misplaced, frivolous, and irrelevant to resolution of claim two. For example, Petitioner again argues the trial testimony of S.W., C.R.'s sister, was hearsay. Petitioner also argues C.R.'s trial testimony regarding her initial disclosure of abuse to her sisters was

---

[103] *Id.*
[104] R. Doc. 21 at p. 20.
[105] *Id.*
[106] *Id.* at p. 21.

hearsay. As previously mentioned, and as decided by the state courts, the trial testimony of C.R. and C.R.'s sisters was not hearsay. The Court will not entertain, on federal habeas review, Petitioner's arguments regarding what trial testimony was or was not inadmissible as hearsay under the Louisiana Code of Evidence. An objection to insufficiency of the evidence premised on the misguided belief that Petitioner was convicted solely upon hearsay would have been meritless and would have made no difference at trial.[107] Thus, Petitioner did not suffer any prejudice by counsel's failure to file such meritless motions and challenges. Petitioner cannot prevail on his ineffective assistance of counsel claim under *Strickland*.

In further support of his objection to claim two, Petitioner argues his counsel was ineffective for failing to obtain the arrest affidavit of Detective Ronald Ray. Petitioner argues that, had his counsel obtained Detective Ray's affidavit, it would have "provided for effective cross-examination of S.W. for impeachment purposes" which, Petitioner argues, would have further supported his claim that the evidence was insufficient to sustain his conviction.[108] However, the factual contention on which this claim is based is not supported by the record, as the record demonstrates the State provided the arrest warrant and police report to defense counsel during discovery, as reflected in the discovery receipt.[109] Furthermore, Petitioner appears to argue the arrest report and affidavit prepared by Detective Ray would have "impeached" the trial

---

[107] *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.") (citing *Williams v. Collins*, 16 F.3d 626, 634–35 (5th Cir.1994)).
[108] R. Doc. 22 at p. 10.
[109] State Rec. Vol. 6 of 10, p. 1271.

testimony of C.R. and C.R.'s sisters regarding the date of the initial disclosure and to whom the initial disclosure was made—whether one or both of C.R.'s sisters—because the affidavit reflects a different disclosure date and states the disclosure was made to only one, not both, of C.R.'s sisters. Detective Ray prepared the affidavit for the arrest warrant after watching C.R.'s interview which took place at the Child Advocacy Center ("CAC"). A videotape of the CAC interview was played at trial for the fact finder's viewing. In addition, C.R. and both of her sisters all testified consistently regarding the date of the initial disclosure and to whom it was made. The fact finder was entitled to conclude Detective Ray's affidavit was based upon Detective Ray's misinterpretation of the CAC interview, rather than concluding C.R. and her sisters gave false testimony at trial regarding the initial disclosure. Furthermore, defense counsel was not ineffective for failing to emphasize the inconsistency between Detective Ray's affidavit and the trial testimony of C.R. and her sisters. It was well within the professional judgment of counsel to choose not to emphasize the inconsistency in the arrest affidavit as this is a matter involving strategic considerations left to the discretion of counsel.[110] The decision of how vigorously to cross examine a witness, and whether to press every conceivable inconsistency in that testimony involves "a quintessential exercise of professional judgment."[111] There is a strong presumption that counsel has exercised his professional judgment reasonably.

---

[110] *See Ford v. Cockrell,* 315 F. Supp. 2d 831, 859 (W.D. Tex. 2004*), aff'd sub nom.* Ford v. Dretke, 135 F. App'x 769 (5th Cir. 2005).

[111] *Strickland v. Washington*, 466 U.S. 668, 689 (1984) "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy.").

Petitioner has not overcome this presumption. Therefore, Petitioner cannot prevail on his ineffective assistance of counsel claim under the two-prong *Strickland* test.

Petitioner also contends the Magistrate Judge erred in finding his ineffective assistance of counsel claim based on counsel's alleged failure to object to the sufficiency of the evidence was raised and decided on direct appeal in the state courts.[112] Petitioner's challenge is meritless. Petitioner's insufficiency of the evidence claim was denied on direct appeal by the Louisiana Fifth Circuit.[113] The Magistrate Judge's Report and Recommendation correctly states that Petitioner's ineffective assistance of counsel claim is based upon the sufficiency of the evidence argument which was, indeed, rejected by the Louisiana Fifth Circuit on direct review.[114] Petitioner's contention has no merit, and this objection is denied.

The state courts reasonably concluded that Petitioner's claim for ineffective assistance of counsel based upon insufficiency of the evidence did not meet the standards set forth in *Strickland* and that Petitioner was not entitled to relief on such claim. Because the conclusion involved a reasonable application of federal law as set forth in *Strickland*, Petitioner is not entitled to federal habeas relief for ineffective assistance of counsel on the grounds raised in claim two.

3. *Claim 3:*

In claim three, Petitioner argues his trial counsel failed to object to prosecutorial misconduct that resulted in an unfair trial and violated his due process

---

[112] R. Doc. 22 at p. 9.
[113] *See State v. Raye*, 17-136 (La. App. 5 Cir. 10/25/17), 230 So. 3d 659, *writ denied*, 17-1966 (La. 6/15/18), 257 So. 3d 674.
[114] *See id; see also* R. Doc. 21 at p. 20.

rights. Petitioner claims there was prosecutorial misconduct when the state withheld Detective Ray's arrest warrant affidavit.[115] As previously discussed, Detective Ray's arrest warrant affidavit was not withheld by the state, and the court will not consider this contention any further. It suffices to state that defense counsel was not deficient for not objecting to an arrest warrant affidavit being withheld by the prosecution, as no arrest affidavit was withheld. As a result, no objection could properly be lodged on this basis.

Petitioner also argues there was prosecutorial misconduct at trial when the prosecutor elicited testimony from S.D. which amounted to "other crimes" evidence, and that his counsel was ineffective for failing to object to this alleged misconduct.[116] Petitioner's contention is based on the following series of events at trial. When S.D. was on the witness stand at trial, defense counsel cross examined her and asked whether there had ever been any similar accusations against Petitioner.[117] S.D. indicated she did not want to answer the question, even attempting to invoke the Fifth Amendment, however she was told she had to answer and eventually said "no."[118] On redirect examination, the prosecutor followed up on the same question, and admonished S.D. about being under oath.[119] S.D. then indicated that Petitioner had done something similar to her.[120]

On Petitioner's application for postconviction relief, the state trial court

---

[115] R. Doc. 5-3 at pp. 26–27.
[116] *Id.*
[117] State Rec. Vol. 5 of 10, pp. 1034-1035. The record reflects defense counsel consulted with Petitioner before asking this question.
[118] *Id.*
[119] *Id.* at 1036–37.
[120] *Id.*

rejected this claim on the grounds that there was no prosecutorial misconduct as defense counsel opened the door to the testimony in question when he asked about it on cross examination.[121] On Petitioner's writ application, the Louisiana Fifth Circuit agreed defense counsel opened the door to this testimony, and there was no merit to Petitioner's claim of prosecutorial misconduct regarding testimony allegedly elicited of "other crimes" evidence.[122]

On Petitioner's application for postconviction relief, the state trial court rejected this claim on the grounds there was no prosecutorial misconduct as defense counsel opened the door to the testimony in question when he asked about it on cross examination.[123] Similarly, the Magistrate Judge concluded the prosecution's question was proper in light of defense counsel opening the door when he asked S.D. about prior sexual abuse, and the state courts were correct in finding that "counsel's failure to raise a meritless objection based on purported prosecutorial misconduct in connection with 'other crimes' evidence was not constitutionally deficient performance under *Strickland*."[124]

Petitioner objects to the Magistrate Judge's conclusion with respect to claim three. The Court agrees defense counsel opened the door by asking S.D. whether anything similar had ever happened with Petitioner on prior occasions. The prosecution was therefore well within its right to ask a follow-up question of S.D. on redirect examination. Accordingly, there was no prosecutorial misconduct by the

---

[121] R. Doc. 5-1 at p. 17.
[122] *Id.* at p. 10.
[123] *Id.* at p. 17.
[124] R. Doc. 21 at p. 24.

prosecution as the prosecution did not improperly elicit other crimes testimony.[125] Had defense counsel objected on the grounds of prosecutorial misconduct because of wrongfully elicited other crimes testimony, the objection would have been overruled as meritless.[126] Accordingly, counsel's performance in this regard was not objectively unreasonable, and Petitioner suffered no prejudice as a result thereof. It follows that Petitioner is not entitled to relief on this claim as Petitioner has failed to establish either prong of *Strickland*. The state courts' conclusion that Petitioner was not entitled to relief under *Strickland* on claim three was reasonable.

4. *Claim 4:*

In claim four, Petitioner argues his counsel was ineffective because counsel allowed the State to offer perjured testimony from S.D. at trial, and because his counsel failed to object to the perjured testimony of S.D..[127] Petitioner asserts S.D. committed perjury at trial when, on cross examination, she denied that similar accusations had previously been made against Petitioner, and then on redirect examination, S.D. testified Petitioner had done something inappropriate to her in the past.[128] Petitioner argues the trial testimony of S.D., regarding her statement that Petitioner had sexually abused her in the past, constituted perjury.

---

[125] *See, e.g., United States v. Pruitt,* 839 F. App'x 90, 93 (9th Cir. 2020), *cert. denied,* 142 S. Ct. 503 (2021*)* (government did not engage in prosecutorial misconduct by use of cell-phone evidence because defendant opened door to use of cell phone evidence); *United States v. Caballero,* 277 F.3d 1235, 1249–50 (10th Cir.2002) (no prosecutorial misconduct where defense questioning invited prosecutors to elicit testimony characterizing defendant in an unfavorable light).

[126] *See Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) ("'[F]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite.'")(quoting *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.1994); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

[127] R. Doc. 5-3 at pp. 34–38.

[128] State Rec. Vol. 5 of 10, pp. 1036–37.

The state trial court denied Petitioner's ineffective assistance of counsel claim based on an alleged failure to object to perjured testimony.[129] The state trial court stated that petitioner failed to "show any perjured testimony," failed to explain how this affected the outcome of his trial," and failed to "state with any particularity the factual basis for his relief.[130] On writ application, the Louisiana Fifth Circuit agreed with the state trial that Petitioner failed to show any perjured testimony or how this testimony affected the outcome of his trial, and that Petitioner failed to show he was prejudiced by his counsel's performance in this regard.[131] The Louisiana Fifth Circuit also pointed out, again, that defense counsel opened the door to this testimony.[132] The Magistrate Judge concluded the state courts were correct in concluding defense counsel did not perform deficiently by not objecting to perjured testimony, and no prejudice resulted from defense not objecting to perjured testimony.[133] Petitioner objects to the Magistrate Judge's conclusion with respect to claim four.[134] Petitioner reasserts that at trial, "S.D. testified inconsistent with earlier testimony," and that "the prosecution pounced upon the opportunity to use S.D.'s allegations against Petitioner, picturing him as a person" with a proclivity for engaging in sexually assaultive behavior.[135]

The Court concludes the state courts' determination that this claim lacked merit was not contrary to or an unreasonable application of *Strickland*. First, the state

---

[129] R. Doc. 5-1 at p. 17.
[130] *Id.*
[131] *Id.* at p. 10.
[132] *Id.*
[133] R. Doc. 21 at p. 25.
[134] R. Doc. 22 at p. 12.
[135] *Id.* at 13.

courts were correct in finding defense counsel opened the door to S.D.'s testimony that Petitioner had sexually abused her in the past. Defense counsel would have had no valid grounds upon which to object when the prosecutor followed up on this line of questioning on redirect examination of S.D. Second, Petitioner has not shown S.D.'s testimony was perjured. The mere fact that S.D.'s testimony on cross examination was inconsistent with her later testimony on redirect examination does not, ipso facto, prove that S.D. perjured herself on the witness stand. As stated by the United States Fifth Circuit Court of Appeals, "contradictory trial testimony" does not prove perjury but "merely establishes a credibility question" for the trier of fact.[136] This is particularly true in this case, when, given the subject matter of the questioning, it is understandable that S.D. would be reluctant to discuss such a delicate subject. In addition, Petitioner has pointed to nothing in the state court record to support his assertion that S.D.'s testimony that Petitioner sexually abused her in the past was untruthful. The state courts reasonably concluded defense counsel did not perform deficiently by not objecting to the testimony as perjured, and Petitioner suffered no prejudice in this regard. Petitioner is not entitled to federal habeas relief relative his fourth claim of ineffective assistance of counsel.

5. *Claim 5:*

Finally, in claim five, Petitioner argues his counsel was ineffective for failing to object to a defective indictment.[137] Petitioner argues defense counsel should have moved to quash the indictment as defective.[138] Petitioner argues the indictment was

---

[136] *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).
[137] R. Doc. 5-3 at pp. 38–44.
[138] *See id.*

defective because it "fails to factually and distinguishably set forth all essential elements which constitute the offense charged against him whether by statute or by plaintiff language."[139] Petitioner argues the charge in count 3 of the indictment fails to protect him from double jeopardy in the future.[140] Petitioner also argues that, with respect to each of counts one through five, the indictment was deficient because it did not specify the victim's name, gender, or the specific acts committed by the defendant which constitute the criminal offense charged.[141]

The state trial court denied Petitioner's request for relief on this claim.[142] The state trial court found Petitioner's claim that the indictment was defective lacked merit, and Petitioner failed to prove any motion challenging the indictment would have affected the outcome of his trial.[143] On direct appeal, the Louisiana Fifth Circuit reviewed the court record for errors patent and found no error regarding the indictment.[144] Moreover, the Louisiana Fifth Circuit found that Petitioner "failed to demonstrate, factually or legally, why his counsel should have filed such a motion, that he would have been successful, or how the filing of the motion would have affected the outcome of his trial."[145] Petitioner applied for a supervisory writ with the Louisiana Supreme Court, and the Louisiana Supreme Court denied the writ application, stating Petitioner "failed to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*."[146] When the Louisiana Fifth Circuit and the

---

[139] *Id.* at p. 39.
[140] *Id.* at p. 41.
[141] *Id.* at pp. 39-44.
[142] R. Do. 5-2 at p. 18.
[143] *Id.*
[144] *Id.* at p. 11.
[145] *Id.*
[146] R. Doc. 5-1 at p. 12.

Louisiana Supreme Court affirmed Petitioner's conviction on direct appeal and denied Petitioner's application for writs on his state habeas petition, they necessarily, even if not expressly, held the indictment was sufficient under Louisiana law to confer jurisdiction on the Louisiana courts.[147]

The Magistrate Judge, in his Report and Recommendations, concluded the state courts properly determined Petitioner's counsel was not ineffective under the standard set forth in *Strickland* for failing to file a motion to quash the indictment because the indictment was valid, and any such motion would have been meritless.[148] Petitioner filed an objection to the Magistrate Judge's conclusion with respect to the recommendation that Petitioner's ineffective assistance of counsel claim based on a defective indictment be dismissed.[149] In support of his objection, Petitioner essentially advances the same grounds urged in his petition filed with this Court. As recognized by the Magistrate Judge in his Report and Recommendation, this Court, on federal habeas review of a state prisoner's conviction, need not and should not "weigh in on or second guess a sufficiency determination for a state indictment under Louisiana law."[150] Under applicable federal law, an indictment is constitutionally sufficient if it

---

[147] *See Rose v. Johnson*, 141 F. Supp. 2d 661, 693–97 (S.D. Tex. 2001); *see also Lee v. Vannoy*, No. CV 19-12280, 2020 WL 3513743, at *12 (E.D. La. June 1, 2020), *report and recommendation adopted*, No. CV 19-12280, 2020 WL 3512709 (E.D. La. June 29, 2020) (the petitioner asserted his claim challenging the form and sufficiency of his indictment in the Louisiana Supreme Court on post-conviction review, and the Louisiana Supreme Court, in denying the petitioner's claim, "necessarily concluded, as did the lower courts, that the indictment was sufficient in content and form under Louisiana state law. . . . The Louisiana Supreme Court has, therefore, had the opportunity to address Lee's challenge to his indictment and has by clear inference determined that the indictment was proper. For this reason, federal review of this claim is prohibited.").

[148] R. Doc. 21 at p. 27.

[149] R. Doc. 22 at pp. 14—18. *Compare* R. Doc. 5-3.

[150] R. Doc. 21 at p. 26. *Lee,* 2020 WL 3513743, at *12 (quoting *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985) ("The United States Fifth Circuit Court of Appeals, however, has declined to review claims alleging insufficient indictment forms because the sufficiency of a state indictment is not a matter for federal habeas corpus relief.") (internal quotations omitted)).

informs the defendant of the accusation against him so as to allow him to prepare his defense, and if it affords him protection against double jeopardy.[151] In this case, for each of counts one through five, the indictment set forth the specific statutory subsection charged, against a known juvenile identified by her date of birth (7/6/1999), lists a date range for each of the five charged offense, and provides a general description of the act charged. For example, count 1 specifies Petitioner is charged with aggravated rape of a known victim (DOB 7/6/1999) under thirteen years of age, involving oral sexual intercourse occurring on or between July 6, 2010, and July 5, 2012, in violation of La. R.S. 14:42.[152] As further example, count three specifies Petitioner is charged with committing sexual battery upon a known victim (DOB 7/6/1999) under thirteen years of age, occurring on or between July 6, 2010, and July 5, 2012, in violation of La. R.S. 14:43.1, and where the victim is not the spouse of the defendant and is more than three years younger than the defendant.[153] A plain reading of the indictment demonstrates it informed Petitioner of the elements of the charges against him and provided sufficient detail to enable him to rely upon the indictment for a double jeopardy bar in the event of a subsequent prosecution. Therefore, the indictment satisfies the requirements of the United States Constitution. Furthermore, given that Petitioner was the biological father of the victim, and lived with the victim at the time of the abuse, any contention Petitioner was not apprised of the identity, age, or gender of the victim is unworthy of belief.

Petitioner has not shown his indictment was constitutionally invalid.

---

[151] *United States v. Debrow*, 346 U.S. 374 (1953).
[152] State Rec. Vol 1 of 10, p. 6.
[153] *Id.* The charges in counts two, four, and five are set forth in similar fashion. *See id.*

Accordingly, Petitioner was not prejudiced by his counsel's failure to file a motion to quash or to otherwise challenge the indictment, and Petitioner cannot show his counsel was ineffective by failing to file a motion to quash the indictment. As repeatedly mentioned, "counsel is not deficient for failing to make meritless" motions.[154] The state courts reasonably concluded Raye's ineffective assistance of counsel claim based on his counsel's failure to file motions challenging the indictment failed under the standards set forth in *Strickland*.

### CONCLUSION

**IT IS ORDERED** that Petitioner Clifton Raye's application for federal habeas corpus relief is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 7th day of March, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[154] *Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017).